55 CCPA.

**Application of George A. BEKEY.**

**Patent Appeal No. 7954.**

United States Court of Customs and Patent Appeals.

June 27, 1968.

R. J. Steinmeyer, Fullerton, Cal., of counsel, for appellant.

Joseph Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and KIRKPATRICK,* Judges.

RICH, Judge.

This appeal is from a decision of the Patent Office Board of Appeals[1] affirming the examiner's rejection of method claims 3 to 8 of appellant's application serial No. 846,657 entitled "Method and Means of Generalized Integration." Apparatus claims 9–11, 13–15, and 17 have been allowed.

The invention is a method of performing generalized integration electrically by representing variables x and y as voltage signals, sampling the first variable voltage x to produce a control signal for each incremental variation of predetermined amplitude, sampling the second variable voltage y once for each of the control signals to produce a plurality of voltages, and adding together these latter voltages to form a summation thereof which is proportional to the integral of the second voltage y with respect to the first voltage x.

Claim 3 is illustrative:

3. A method of electronically performing mathematical integration of a first variable with respect to a second variable, comprising the steps of representing each of said variable [sic] by voltages varying in accordance thereto, establishing a predetermined incremental voltage, continuously sampling the second voltage and comparing a first value thereof with successive values thereof until the difference therebetween equals said incremental voltage to produce a control signal, repeating the above step with the basis of comparison in each case being the last value of said second voltage which produces the difference identity to thereby produce a succession of control signals separated by various increments of time which are dependent upon the rate of change of the second voltage, sampling said first voltage for separate periods separated by said time increments to establish

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Consisting of Friedman and Keely, Examiners-in-Chief and Andrews, Acting Examiner-in-Chief, opinion by Friedman.

a plurality of voltages proportional to the average values of said first voltage during said incremental sampling periods, and summing said plurality of voltages to produce a summation voltage proportional to the integral of said second voltages with respect to said first voltage.

The claims were rejected by the examiner as being "unpatentable methods" in that they merely recited the inherent function of the apparatus for which claims had been allowed. The examiner categorized the rejection as under sections 101 and 112 of the statute.

The board affirmed, noting that it felt bound by the decisional law to uphold the "inherent function of the apparatus" rejection. See Ex parte Packard, 140 USPQ 27 (Pat.Off.Bd.App. 1963). Examiner-in-Chief Keely concurred solely on the ground that the board's position on such rejections had been settled.

The issues in this case are the same as those presented in In re Tarczy-Hornoch (P.A.7910), 397 F.2d 856, 55 CCPA ——, decided concurrently herewith. In that case we decided no longer to follow our previous decisions which required the rejection of method claims defining the function of an apparatus. The solicitor concedes that *Tarczy-Hornoch* is dispositive of the issue in this case.[2] Accordingly, the decision of the board is reversed.

Reversed.

KIRKPATRICK, Judge (dissenting), with whom WORLEY, Chief Judge, joins.

I dissent for the reasons given in my dissenting opinion in In re Tarczy-Hornoch (P.A.7910), 397 F.2d 856, 55 CCPA ——.

2. The Patent Office brief states:
An extensive summary of the historical development of this rejection appears in the Appendix to the appellant's brief in Patent Appeal No. 7910,

involving an application of Zoltan Tarczy-Hornoch. Since the same issue is presented, a decision there would undoubtedly control here.